## William R. Smith v. George Adams & Burke Co.

1. RECOUPMENT—*Evidence of, Admissible Under the General Issue.*—
Evidence of matters in recoupment is admissible under the general
issue.

Assumpsit.—Appeal from the Circuit Court of Cook County; the
Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch
Appellate Court at the March term, 1898. Affirmed. Opinion filed
December 23, 1898.

ASA QUINCY REYNOLDS, attorney for appellant.

FLOWER, SMITH & MUSGRAVE, attorneys for appellee.

MR. JUSTICE HORTON delivered the opinion of the court.

This suit was brought by appellant to recover the sum of
$385.81, claimed to be the balance due to him from appel-
lee. The appellee claims that it paid out for appellant and
at his request the sum of $212.35, and admits that it owes
to him the balance, viz., $173.46. The verdict and judg-
ment in the court below are for the last named sum.

It is contended on the part of appellant that said sum of
$212.35 could only be allowed to appellee by way of set-off.
That position is not tenable upon the record in this case.
The counter-claim of appellee was clearly recoupment, and
there was no error in admitting testimony as to the same
under the general issue in this case.

It appears that after this suit was commenced appellee
brought suit against appellant and one Myers to recover
from them said sum of $212.35. On behalf of appellant it
is contended, in effect, that such subsequent suit is a bar to
this suit. That position is also untenable. Appellant tes-
tified that the suit against Smith and Myers had been com-
menced by appellee. Even if that was permissible, that is
all the use appellant was entitled to make of that second
suit upon the trial of this suit.

It was not error by the court below to refuse to hear

arguments upon the motion for a new trial. Under the circumstances of this case it would appear to be eminently proper. That court did not refuse to entertain the motion, but overruled it and entered judgment on the verdict.

Perceiving no error, the judgment of the Circuit Court is affirmed.